IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

XAVIOR AKINA,

    Petitioner,

v.                                                            No. 20-cv-1084 KWR-KRS
                                                                         16-cr-2009 KWR

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Xavior Akina's Motion Requesting a Judicial Recommendation for Halfway House Placement (CV Doc. 1) (Motion). Petitioner is incarcerated and proceeding *pro se*. He asks the Court to recommend that he spend the final 12 months of his prison term in a halfway house. Having reviewed the record and applicable law, the Court will deny the Motion.

## BACKGROUND

In 2016, Petitioner robbed an employee of a pizza restaurant at gunpoint. (CR Doc. 42 at 5). The victim made a statement in the Presentence Investigation Report (PSR), which reflects Petitioner held a gun to her temple and put his hands down her underwear checking for money. (CR Doc. 44 at 8). Petitioner pled guilty to interference with interstate commerce by robbery and violence (18 U.S.C. § 1951(a)) and using a firearm during a crime of violence (18 U.S.C. § 924(c)). The guideline range for the robbery charge was 27 to 33 months imprisonment, and the firearm charge carried a mandatory 84-month term. (CR Doc. 44 at 25). The Court (Hon. Robert James) imposed the mandatory firearm penalty of 84 months, plus one day for robbery. (CR Doc. 53). Judgment was entered on February 7, 2018, but Petitioner has been incarcerated since May of 2016.

*Id.*; (CV Doc. 1 at 11).

On October 19, 2020, Petitioner filed the instant Motion under the Second Chance Act. His projected release date is April 27, 2022, and he asks the Court to recommend that he spend the final 12 months in a halfway house. (CV Doc. 1 at 12, 11). As grounds for the Motion, Petitioner points out that he has completed numerous educational programs offered by the Bureau of Prisons (BOP), including cabinet making, industrial house cleaning, drug abuse education, non-residential drug treatment, parenting, and psychology. *Id.* at 3. Petitioner also grew up in juvenile homes, is currently without a residential address, and hopes for a longer adjustment period when leaving an institution. *Id.* at 12. Finally, Petitioner notes that he had a daughter after entering prison, has never met her before, and wishes to provide support. *Id.* at 12-13.

The Motion was initially opened as a new 28 U.S.C. § 2241 proceeding, since most Second Chance Act filings challenge the BOP's placement decision. *See Sandusky v. Goetz,* 944 F.3d 1240, 1247 (10th Cir. 2019) (challenges to the BOP's execution of a federal sentence must be construed as a § 2241 habeas proceeding). Because the Motion here requests a recommendation in advance of the BOP decision, the Court will consider that relief without construing the filing under § 2241 and administratively close the civil habeas case.

## DISCUSSION

The Second Chance Act governs halfway house placements in the months leading up to a prisoner's release. *See* Pub. L. 110–199, 122 Stat. 657. It requires the "Director of the BOP to ensure that a prisoner … spends a portion of the final … [prison] term (not to exceed 12 months) under conditions that will" aid the transition into society. 18 U.S.C. § 3624(c). Under BOP policy and procedures, inmates are typically evaluated for halfway placement 17 to 19 months prior

to their release date.  *See Jones v. English,* 817 Fed. App'x 580, 583 (10th Cir. 2020) (citing BOP memoranda regarding Second Chance Act procedures).

Halfway house placement decisions must be made on an individual basis according to criteria set forth in the Second Chance Act and the factors listed in 18 U.S.C. § 3621(b).  *See* 28 C.F.R. § 570.22 (2008).  One of those factors is "any statement by the court that imposed the sentence ... recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4).[1]  While the First Step Act of 2018 elaborated on the appropriate risk assessment levels for individuals placed in prerelease custody, it did not alter BOP's authority to make determinations related to halfway house placements.  *See* Pub. L. No. 115–391, § 102, 132 Stat. 514 (2018); *U.S. v. Parks,* 2019 WL 5085968, at *2 (N.D. Ohio Oct. 10, 2019) (acknowledging the BOP retains authority on prisoner placement after First Step Act); *United States v. Byrd,* 2020 WL 6255278, at *1 (E.D. Mich. Oct. 23, 2020) (same).  "Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect" on BOP. 18 U.S.C. § 3621(b).

In the absence of special circumstances, most courts "decline[ ] ... to independently recommend such a placement, finding the BOP better suited to make decisions based on inmates' records and [halfway house] availability." *United States v. Britton*, 2020 WL 6146861, at *1 (E.D.N.Y. Oct. 16, 2020) (quotations omitted).  *See also United States v. Venkataram,* 2016 WL 11448569, at *2 (S.D.N.Y. Dec. 12, 2016) (declining to "independently recommend … a [halfway house] placement," even where the Court had no objection); *United States v. Gonzalez,* 2020 WL

---

[1] Other factors include "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner;" and policy statements issued by the Sentencing Commission.  18 U.S.C. §§ 3621(b), 3624(c)(6)(A).

3

4201856, at *2 (D.N.M. July 22, 2020) (refusing to "encroach upon the BOP's authority to decide where the prisoner may be confined during the pre-release period"); *United States v. Taylor*, 2020 WL 3605026, at *2 (W.D. Okla. July 2, 2020) (denying Second Chance Act motion and finding the "BOP is in the best position to evaluate halfway house … placement, including the length of time defendant should serve in a halfway house"); *United States v. Loera*, 2020 WL 3415395, at *1 (D. Colo. June 22, 2020) ("[T]he Court believes the BOP to be much better suited to determine in the first instance whether (and when) Defendant should be placed in a" halfway house). *Cf Garza v. Davis,* 596 F.3d 1198, 1203 (10th Cir. 2010) (internal BOP procedures state a halfway house "placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement").

      Here, Petitioner asks the Court to recommend a 12-month halfway house placement based on his training, acceptance of responsibility, and desire to provide for his daughter while transitioning to society. The Court commends these efforts along with Petitioner's successful completion of many excellent BOP training courses. While the Court does not oppose a 12-month halfway house placement, if the BOP deems it appropriate, the Court declines to independently recommend such a placement in this case. The BOP has more information about Petitioner's individual needs and circumstances, and it should evaluate Petitioner's halfway house eligibility in the first instance. The Court will therefore deny the Motion (CV Doc. 1) and close the civil case. Petitioner may continue to pursue his request for a 12-month halfway house placement with the BOP. If, after exhausting all administrative remedies, Petitioner seeks a "court order remedying some unlawful procedure through which the BOP processed his application," he may file a 28 U.S.C. § 2241 petition. *See Marshall v. Hudson*, 807 Fed. App'x 743, 749 (10th Cir. 2020)

(defining the scope of permissible halfway house challenges in federal court).

**IT IS ORDERED** that Xavior Akina's Motion Requesting a Judicial Recommendation for Halfway House Placement (**CV Doc. 1**) is **DENIED**; and a separate judgment will be entered administratively closing the civil case.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE